## UNITED STATES of America

### v.

## OIL TRANSPORT COMPANY, INC.

### Civ. A. No. 94–0127.

United States District Court,
E.D. Louisiana.

Sept. 20, 1994.

---

Keith B. Letourneau, U.S. Dept. of Justice, Washington, DC, Nancy Ann Nungesser, U.S. Attorney's Office, New Orleans, LA, for U.S.

Albert J. Derbes, III, Albert Joseph Derbes, IV, Jon A. Majewski, Eric J. Derbes, Albert J. Derbes, III & Associates, Metairie, LA, John Theodore Pender, New Orleans, LA, for Oil Transport Co., Inc.

CHARLES SCHWARTZ, Jr., District Judge.

Before the Court is defendant, Oil Transport Company, Inc.'s Motion for Dismissal Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The defendant's motion is based upon its belief that 11 U.S.C. § 362(a)(1), which grants an automatic stay against the commencement or continuation of judicial actions against debtors involved in bankruptcy proceedings, controls here. Plaintiff, the United States (hereinafter "the Government"), filed formal opposition to the aforesaid motion on September 6, 1994. The Government contends that its complaint is excepted from the automatic stay provision of 11 U.S.C. § 362(a)(1) by 11 U.S.C. § 362(b)(4). For the reasons hereinafter stated, in addition to those set forth in this Court's Minute Entry Order (attached), defendant's Motion for Dismissal is DENIED.

On January 24, 1994 this Court, after being advised of Bankruptcy proceedings pending against the defendant in the Eastern District of Louisiana, closed this case for statistical purposes. *Via* minute entry order entered April 18, 1994, this Court granted the Government's Motion To Reconsider/Reopen and the matter was restored to the Court's active docket, having been convinced that the Government's action was exempt from the automatic stay provision of Section 362(a)(1) by Section 362(b)(4) since the Government only "seeks the entry of a monetary judgment for response costs associated with environmental clean-up operations conducted pursuant to OPA's statutory authority," and does *not* seek to *enforce* a money judgment.

■ Unless otherwise exempted, Section 362(a)(1) precludes the:

commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). The operative exception is set forth in Section 362(b)(4) which excepts actions for enforcement of a governmental unit's "police or regulatory power."

In the case at bar, the Government seeks to enforce its regulatory authority under the

Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701 *et seq.* for the response costs incurred in responding to a spill or threatened spill of oil. This Court is of the opinion that this action seeking a monetary judgment for response costs meets the "police or regulatory power" requirement set forth in Section 362(b)(4).[1]

The legislative history of the automatic stay provision amply supports this Court's opinion, to wit:

> Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, *environmental protection,* consumer protection, safety, or similar police or regulatory laws, or *attempting to fix damages for violation of such a law,* the action is not stayed under the automatic stay.

S.Rep. No. 95–989, 95th Cong.2d Sess. at 52 (1978); H.R.Rep. No. 95–595, 95th Cong.2d Sess. at 343 (1978); U.S.Code Cong. & Admin.News 1978, pp. 5787, 5838, 6299 (emphasis added).

■ The defendant erroneously cites *Matter of Commonwealth Oil Refining Co.,* 805 F.2d 1175 (5th Cir.1986), for the proposition that Section 362(b)(4) provides an exception to the automatic stay provision only when equitable relief is requested. In *Commonwealth,* the Fifth Circuit ruled that an injunction sought by the Environmental Protection Agency should be granted as it fell within Section 362(b)(4)'s definition of "police or regulatory power." *Id.* at 1183–84. Grant-

ing the EPA's injunction, the *Commonwealth* court disagreed with the defendant's argument that the injunction would cost the defendant money and was therefore prohibited by Section 362(b)(5)'s prohibition against the enforcement of money judgments. *Id.* at 1186–88. The precise holding of the court in *Commonwealth* was that "the EPA's enforcement action requiring CORCO to comply with federal and state environmental laws is a proper exercise of its regulatory power and is not an attempt to enforce a money judgment." *Id.* at 1188.

Misconstruing the *Commonwealth* decision, the defendant asks this Court to make a distinction between cases seeking injunctive relief and those seeking monetary damages. The *Commonwealth* court did not, as the defendant states in his Reply Memorandum, imply that the mere entry of a monetary judgment was prohibited. In fact, the *Commonwealth* court noted that the entry of a money judgment *is sanctioned* while the enforcement of such a judgement is prohibited.[2] Inasmuch as the Government in this case seeks only the entry of a monetary judgment and not the enforcement thereof, its action is exempted from the automatic stay provision by Section 362(b)(4), and is not prohibited by Section 362(b)(5). Accordingly,

IT IS ORDERED that defendant's motion to dismiss is hereby DENIED.

## APPENDIX

## MINUTE ENTRY ORDER

### April 18, 1994.

Before the Court is plaintiff's motion filed pursuant to FRCP Rule 60(b)(6), seeking

---

1. Section 362(b)(4) provides an exception to the automatic stay provision when there is "commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power."

2. The *Commonwealth* court quoted the Third Circuit's decision in *Penn Terra,* with approval, wherein the distinction between entry and enforcement of money judgments was addressed at length:

> As the legislative history explicitly notes, the mere *entry* of a money judgment by a governmental unit is not affected by the automatic stay, provided of course that such proceedings are related to that government's police or regulatory powers.

> Quite separate from the entry of a money judgment, however, is a proceeding to *enforce* that money judgment. The paradigm for such a proceeding is when, having obtained a judgment for sum certain, a plaintiff attempts to seize property of the defendant in order to satisfy that judgment. It is this seizure of a defendant-debtor's property, to satisfy the judgment obtained by a plaintiff-creditor, which is proscribed by subsection 362(b)(5). *Matter of Commonwealth Oil Refining Co.,* 805 F.2d 1175, 1186 n. 12 (5th Cir.1986) (quoting *Penn Terra Ltd. v. Dept. of Envtl. Resources,* 733 F.2d 267, 275 (3d Cir.1984)) (emphasis in original).

reconsideration of this Court's order closing the captioned case for statistical purposes and requesting the case be reopened on the basis that the bankruptcy stay does not bar the United States from commencing or continuing an action to enforce its regulatory power pursuant to 11 U.S.C. § 362(b)(4). The matter was set for hearing on April 13, 1994 and plaintiff's motion was unopposed.

Pursuant to 11 U.S.C. § 362(a)(1), unless otherwise excepted, the bankruptcy petition filed by Oil Transport Co., Inc., would act as an automatic stay against the commencement or continuation of judicial actions against the debtor, Oil Transport Company, Inc. The relevant exception § 362(b) reads as follows:

> The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. § 78eee(a)(3)), does not operate as a stay—
>
> (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; ...

In the instant case, the United States seeks to enforce its regulatory authority under the Oil Pollution Act of 1990 (OPA), 33 U.S.C. §§ 2701 *et seq.* for the response costs incurred by the United States in responding to a spill or threatened spill of oil. The Government does not seek to enforce a monetary judgment, nor to seize the defendant-debtor's property. Rather, the United States seeks the entry of a monetary judgment for response costs associated with environmental clean-up operations conducted pursuant to OPA's statutory authority. Consequently, 11 U.S.C. § 362(b)(4) exempts this action from the automatic stay provision of 11 U.S.C. § 362(a)(1). Accordingly, and considering both the lack of opposition and that it appears based upon the record and the submissions of the Government that it is entitled to the relief requested,

IT IS ORDERED that the Government's Motion for Reconsideration and to Reopen the captioned case is hereby GRANTED and the case is hereby REOPENED.